Daniel S. Morgan
MORGAN PIERCE, PLLP
P.O. Box 1690
Missoula, MT 59806-1690
Phone: (406) 830-3875
Fax:    (406) 830-3876
Email: dan@morgan-pierce.com
State Bar of Montana ID No. 3934
*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

In Re

**MICHAEL JOHN BLACHURA, Sr. and JENNIFER ELAINE BLACHURA,**

Debtor

Case No. **16-60557-13**

**CHAPTER 13 PLAN (Dated: June 29, 2016)**

1. The future earnings and other income of the Debtors are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtors shall pay to the Trustee the following monthly sums: $400.00 for 20 months, followed by $600.00 for 20 months, followed by $800.00 for 20 months, or until all of the provisions of this Plan have been completed.  Plan payments shall commence within thirty (30) days following the filing of the Plan.  The Debtors shall make payments directly to the Trustee until wage deductions begin.

2. From the payments so received, the Trustee shall make disbursements as follows:

(a) <u>ADMINISTRATIVE CLAIMS</u>.  The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtors' attorney fees and costs in such amount as may be allowed by the Court.  As of the date of this plan, Debtors' counsel estimates that total attorney fees and costs for representation of Debtors will be as follows:

| | |
|---|---:|
| Estimated total attorney fees: | $3,500.00* |
| Estimated total costs: | + $   500.00 |
| Total estimated attorney fees and costs: | = $4,000.00 |
| Less retainer: | – $4,000.00 |
| FEES & COSTS TO BE PAID THROUGH PLAN: | $0.00 |

\* If this figure differs from the Disclosure of Compensation originally filed by the Debtors' attorney, said Disclosure must be amended simultaneously with the filing of this plan or amended plan, as provided in F.R.B.P. 2016(b).

(b) <u>IMPAIRED SECURED CLAIMS.</u>  N/A.

(c) <u>UNIMPAIRED SECURED CLAIMS.</u>  The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| **Name of Creditor** | **Description of Collateral** |
|---|---|
| US Bank Home Mortgage (1st) | 93 Edge Dr., Stevensville, MT |
| Specialized Loan Services (2nd) | 93 Edge Dr., Stevensville, MT |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| **Name of Creditor** | **Amount of Arrearage** |
|---|---|
| US Bank Home Mortgage | $32,000 (estimated until claim filed) |

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

(d) <u>DOMESTIC SUPPORT OBLIGATIONS.</u>  N/A.

(e) <u>PRIORITY CLAIMS.</u>  After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

(f) <u>GENERAL UNSECURED CLAIMS.</u>  After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) <u>LIQUIDATION ANALYSIS.</u>  The total amount distributed under paragraphs 2.(e) and (f) above will be at least $0.00, which exceeds what would be available to pay unsecured claims if the Debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code.  A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. <u>REJECTION OF CONTRACTS OR LEASES.</u>  The Debtors have no executory contracts or unexpired leases.

4. <u>SURRENDER OF PROPERTY.</u>  N/A.

5. <u>POSTPETITION SECURED DEBT</u>:  The Debtors reserve the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to Debtors' performance under this Plan.

6. <u>REPORT OF CHANGES IN INCOME</u>:  The Debtors shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. <u>OTHER PROVISIONS</u>:
   a)   Debtors acknowledge that the above-named attorney has a lien on plan payments made to the Trustee, and intend that the Trustee send any refund check directly to the above-named attorney for application to any balance owed.

8. <u>DECLARATIONS</u>:  Under penalty of perjury, Debtors affirm that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

9. <u>EFFECTS OF CONFIRMATION</u>:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtors reserve all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtors specifically reserve all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtors' mortgage account(s) as if the account(s) were current and no prepetition default existed.

10. <u>PREVIOUS BANKRUPTCIES, AND DISCHARGE</u>:  Under penalty of perjury, Debtors declare that they have not received a discharge in a previous bankruptcy case that would cause them to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. <u>INCOME TAX REFUNDS</u>:  Debtors project income tax refunds during the term of this plan, and such tax refunds are included in the Debtors' budget.

DATED this 29th day of June, 2016.

*/s/ Michael J. Blachura*
Debtor, Michael J. Blachuara, Sr.

*/s/ Jennifer Blachura*
Joint Debtor, Jennifer Blachura